NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>**ROBERT LERVAAG** and  )<br>RONALD FRAZE,  )<br>Defendants.  ) | Case No. 3:05-cr-00089-RRB<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM AS TO ROBERT<br>LERVAAG |

COMES NOW the United States of America, by and through counsel, and submits its sentencing memorandum regarding defendant Robert Lervaag as follows:

I.   Factual Background

The gist of the criminal scheme in this case is fairly easy to describe. Lervaag and Fraze were the minority partners in a joint venture with Chugach Native Association.  As the owners of the managing partner of the joint venture

they were responsible for conducting the business of the joint venture, CDII. CDII was in the business of providing manpower services, with its main client being Alyeska Pipeline Co. The funding for CDII came from lines of credit secured by accounts receivable.

At some time during the life of the joint venture, Robert Lervaag, with the knowledge of Ronald Fraze began to falsify the collateral documents to the banks. Lervaag was the accountant and the financial part of the partnership. Monthly, he would determine the joint venture's cash needs and then falsify invoices and account receivable aging reports that derived from the invoices in order to work backwards to create enough accounts receivable to collateralize his requested draw on the lines of credit.

In addition to falsifying bank documents, Lervaag and Fraze victimized Chugach Native Corporation in other ways. Lervaag and Fraze were partners in other businesses in addition to North Employment Agency – the CDII minority partner. As noted in the arbitration report, Lervaag and Fraze used the funding of the joint venture to fund their other business ventures. Thus, the amounts drawn on the bank lines of credit were not just for the benefit of CDII, but also personally benefitted Lervaag and Fraze in their business ventures that were not properly a part of the joint venture.

The bank fraud came to light after Chugach notified Lervaag and Fraze that they would be taking over the business as was contemplated in their joint venture agreement. Lervaag and Fraze then quit the company in December 2000. When Chugach took over the books and records of CDII, their accountants discovered that they could not verify the aging reports. For example there were no invoices to back up the numbers in the reports, or the invoices appeared to be fabricated. Chugach, at that time, had a significant banking relationship with Key Bank. They promptly notified Key Bank of the apparent fraud and then worked to attempt to reconstruct the actual collateral. After weeks of work and extensive hours, Chugach determined that $900,000 was needed to pay down the line of credit at Key Bank and bring it in to conformity with the loan agreement.

After the break up of the joint venture, the parties submitted their disputes to binding arbitration as required by their joint venture agreement. Attached as Exhibit 1 is the Arbitration Award. As noted in that decision, and supported by Lervaag's statements under oath. There was basically no dispute between the parties as to the issues that form the basis of the present indictment. In his deposition given as part of the arbitration hearing, Lervaag admitted that he made up the accounts receivable sent to the bank. While Fraze did not initially admit his

knowledge of the action, he later admitted his knowledge of Lervaag's actions in a judgement debtor hearing in state court.

I.  Guideline Issues

The government has no objections to the presentence report or its guideline calculations. Therefore, the government believes that the guideline calculation applicable to Mr. Lervaag is offense level 18 with a sentencing range of 27 - 33 months.

II. Response to Anticipated Disputes

   A.  Loss Amount

According to his objections to the PSR, Lervaag disputes the $900,000 loss amount evidenced by the actual check written by Chugach to Key Bank to bring the line of credit collateralized by the fraudulent accounts receivable back in to conformity.  Defendant's argument appears to be based on a complaint that the victim's losses were, in part, its own fault.  Thus, Lervaag appears to claim that Chugach simply paid too much and should have been able to get away with repaying the bank less.  Lervaag nowhere explains what possible motivation, Chugach would have to write a check for a greater amount than they owed the bank; obviously none exits.  What Chugach did was try to make its best efforts to reconstruct actual accounts receivable when defendants left the books of the

company a mess. The $900,000 figure reflects actual losses. In fact, it reflects a significantly lower figure than could be claimed, based on the fact that all of the amounts misappropriated from the joint venture to fund Lervaag and Fraze's other businesses were capitalized by misuse of the line of credit. However, as it is a real, easily ascertainable loss figure that is conservative as to the total loss amount, it is the appropriate loss figure for purposes of U.S.S.G. § 2F1.1.

    B.    Other Non-guideline Issues

None of defendant's other objections to the presentence report appear to affect the guideline calculation and are therefore not separately addressed.

III.    Government's Recommendation

The government will recommend a bottom of the guideline sentence in this case. With regard to the issues of seriousness of the offense and need for a sentence to consider deterrence, Mr. Lervaag, an experienced professional used his significant financial skills to engage in a long term fraud. What is perhaps most telling about the lengthy deposition given by Mr. Lervaag, is the fact that he does not appear to really understand the wrongfulness of his actions. While repeatedly admitting that he just made up the accounts receivable, he continually justifies his actions as appropriate.

On the other hand, Mr. Lervaag, upon discovery never made any attempt to cover up his actions. He has no prior record, his present employer is aware of his crime and he is working to pay restitution. Based on the facts and Mr. Lervaag's history, the government believes a bottom of the guideline sentence will appropriately address all the requirements of 18 U.S.S.C. §3553(a). The government will further seek an order of restitution equal to $900,000 minus the amounts already paid on the arbitration award.

RESPECTFULLY SUBMITTED this 11th day of October, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Karen Loeffler
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2006
a copy of the foregoing was served electronically on:

Sue Ellen Tatter


s/ Karen Loeffler